MARKER E. LOVELL, JR. (208659)
CHELSEA D. YUAN (240559)
GIBSON ROBB & LINDH LLP
201 Mission Street, Suite 2700
San Francisco, California 94105
Telephone: (415) 348-6000
Facsimile: (415) 348-6001
Email: mlovell@gibsonrobb.com
cyuan@gibsonrobb.com

Attorneys for Plaintiff-in-Limitation
FUN ZONE BOAT CO., INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of FUN ZONE BOAT CO., INC., as owner of the vessel SHOWBOAT, for Exoneration From or Limitation of Liability | Case No. 8:19-cv-00865 DOC (DFMx)<br><br>***FIRST AMENDED* COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY** |

Plaintiff-in-Limitation FUN ZONE BOAT CO., INC. ("Plaintiff-in-Limitation"), as owner of the 36' vessel *SHOWBOAT* ("Vessel"), for exoneration from and/or limitation of liability, civil and maritime, brought pursuant to 46 U.S.C. § 30501, *et seq.*, hereby files this *First Amended* Complaint and respectfully avers as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter and more fully appears, in the complaint herein sets forth an admiralty and maritime claim within the meaning of Rule 9(h) and Supplemental Admiralty Rule F of Federal Rules of Civil Procedure, and is brought pursuant to this Court's original jurisdiction conferred by 28 U.S.C. § 1333.

///

2. Venue is proper in this Court pursuant to Rule F(9) with Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime claims. The incident that forms the basis for this action occurred on or about July 21, 2018, in the navigable waters of the Newport Harbor near, Newport Beach, California.

3. Plaintiff-in-Limitation was at all material times a corporation organized under the laws of the State of California, and doing business in the State of California with its principal place of business in Newport Beach, California.

4. At all times material herein, Plaintiff-in-Limitation was, and currently is, the owner of the Vessel.

5. At all times material herein, Plaintiff-in-Limitation operated and maintained the Vessel in a safe and conscientious manner and according to all applicable United States Federal and State laws.

6. On or about July 21, 2018, the Vessel had just returned from a charter. Passenger Alex Aguilar disembarked from the vessel, and then returned to the vessel after the crew has commenced cleaning the vessel. Aguilar was warned not come back onto the vessel by the crew, but ignored the warning, climbed back onto the vessel, fell and was allegedly injured.

7. Any and all damages, if any, arising from the above-described events were not caused or contributed to by any liability of Plaintiff-in-Limitation, including without limitation, fault and/or negligence on the part of the Vessel or her owner, captain, crew, agents, servants, employees, or anyone for whom they or any of them may be responsible.

8. Any and all damages, losses, and/or injuries allegedly resulting or otherwise arising from the above-described events were occasioned or occurred without the privity and knowledge of Plaintiff-in-Limitation or anyone whose privity or knowledge is imputable to Plaintiff-in-Limitation.

///

9. Plaintiff-in-Limitation avers and stipulates that the estimated fair market value of the Vessel and her appurtenances at the termination of the voyage at issue did not exceed one hundred thousand dollars ($100,000.00). Pursuant to Supplemental Admiralty Rule F(1)(a), Plaintiff-in-Limitation have submitted herewith an *Ad Interim* Stipulation for a value in the amount of $100,000 executed by Plaintiff-in-Limitation's surety for security. It is believed that the total amount of all claims that may be asserted may exceed the value of the interest of Plaintiff-in-Limitation in the Vessel and its appurtenances.

10. There are currently no liens upon the Vessel and no additional suits pending thereon and no claims or demands prior or paramount to those which may have accrued by reason of those entities herein described. No known vessel arrest, attachment or complaint has been filed against the Vessel.

11. The first written notice of any claim by Aguilar that Plaintiff in Limitation received arising out of the subject voyage/incident was dated November 9, 2018 and did not contain a demand for compensation.

12. None of the damages, if any, arising out of the above-described events was proximately caused or contributed to by the fault or negligence on the part of Plaintiff-in-Limitation, and all such damages were occasioned and/or incurred without the privity and knowledge of Plaintiff-in-Limitation, or anyone whose privity and knowledge is imputable to Plaintiff-in-Limitation within the meaning of 46 U.S.C.S. § 30501, *et seq.*

13. The damages which may be complained of by any claimant(s) are or were wholly or in part directly and proximately caused by the negligence of persons and/or entities other than Plaintiff-in-Limitation or the Vessel, and said negligence is neither imputed to Plaintiff-in-Limitation by reason of the relationship between claimants and said persons or entities or comparatively reduces the proportion of negligence or corresponding liability of Plaintiff-in-Limitation, if any.

/ / /

14. Plaintiff-in-Limitation denies that it is liable for any damages arising out of the above-described events, and it claims exoneration from liability for any and all damages of any nature allegedly occasioned or incurred during or by reason of the above-described events and desires to contest any claims against it. Without admitting liability, and reserving the right to contest liability in this or any other Court, Plaintiff-in-Limitation hereby also claims the benefit of limitation of liability provided by 46 U.S.C.S. § 30501, *et seq.*, inclusive in all acts amendatory thereto and supplementary thereto whether named herein or not.

15. Plaintiff-in-Limitation also hereby claims the benefit of all statutes and acts with the Congress of the United States, whether named herein or not, granting or providing for exoneration from or limitation of liability of vessel owners. Plaintiff-in-Limitation alleges that it is entitled to be exonerated from liability or, in the alternative, have its liability in connection with or arising out of the above-described events, if any, limited to the value of its interest in the Vessel as the same existed immediately after the above-described events, not to exceed $100,000.

16. Simultaneously with the filing of this Complaint, Plaintiff-in-Limitation's surety is filing an Ad Interim Stipulation for Value satisfying the security provisions of 46 U.S.C.S. § 30501, *et seq.*, inclusive, and Rule F(1) of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

17. All and singular, the premises set out above are true and correct.

WHEREFORE, Plaintiff-in-Limitation prays:

That this Court issue a notice to all persons asserting claims by reason of any and all damages and/or expenses of any nature, occasioned, or incurred by reason of the above-described events and admonishing them to file their claim with the clerk of this Court and to serve attorneys for Plaintiff-in-Limitation with a copy thereof on or before a date certainly to be named by this Court;

1  That this Court issue an injunction restraining the commencement and/or prosecution of any and all actions, suits, and legal proceedings of any kind arising out of the above-described events against Plaintiff-in-Limitation or against the Vessel other than in the present action;

That this Court judge and decree the Plaintiff-in-Limitation is not liable to any extent for any damages and/or expenses in any way arising out of or in consequence of the above-described events;

That, if Plaintiff-in-Limitation shall be judged liable, Plaintiff-in-Limitation shall be indemnified by a party or parties currently known or unknown who are either wholly or primarily responsible for any alleged damages and expenses arising out of the above-described events;

That, if Plaintiff-in-Limitation shall be judged liable, the liability of Plaintiff-in-Limitation be limited to the value of the interest in the Vessel immediately after the above-described voyage, namely $100,000, and decreed to be entered as charging Plaintiff-in-Limitation for any and all further liability;

That all persons, firms, corporations, or other legal entities that fail to file a claim in this proceeding within the time allowed by this Court be declared in default and forever barred from making any claims for such damages and/or expenses in this proceeding or any other proceeding and Plaintiff-in-Limitation has such other and further relief that the Court may deem just and proper on the premises set forth above.

Dated: June 27, 2019

Respectfully submitted,

GIBSON ROBB & LINDH LLP

/s/ CHELSEA D. YUAN
Chelsea D. Yuan
cyuan@gibsonrobb.com
Attorneys for Plaintiff-in-Limitation
FUN ZONE BOAT CO., INC.

*FIRST AMENDED* COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY
Case No. 8:19-cv-00865 DOC (DFMx); Our File No. 8005.21

- 5 -